UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MARGARET M. BARICEVIC**,

        Plaintiff,

    v.

**MORTGAGE ELECTRONIC
REGISTRATION SERVICES,
INC., as nominee in favor of MORTGAGEIT,
INC., a New York corporation; BANK OF
AMERICA, N.A., successor by Merger to BAC
HOME LOANS SERVICING LP FKA
COUNTRYWIDE HOME LOANS SERVICING,
LP, a federally chartered bank; SELECT
PORTFOLIO SERVICING, INC.,a Utah
corporation, RECONTRUST COMPANY, N.A.,
a California corporation; HSBC BANK, N.A.,
AS TRUSTEE ON BEHALF OF THE
HOLDERS OF DEUTSCHE BANK ALT-A
SECURITIES MORTGAGE HOME LOAN
TRUST, MORTGAGE PASS THROUGH
CERTIFICATES, SERVICES 2007-AR2, a
Delaware corporation**,

        Defendants.

No. 3:13-cv-01503-MO

OPINION AND ORDER

**MOSMAN, J.**,

## BACKGROUND

Plaintiff Margaret Baricevic challenges the propriety of nonjudicial foreclosure proceedings that resulted in the sale of her property at a trustee's sale on August 12, 2012. (Amend. Compl. [24] ¶ 10.)  Defendants moved to dismiss [25, 27] the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Baricevic fails to state a claim on which relief can be granted because the Oregon Trust Deed Act does not allow post hoc challenges to completed foreclosure sales.  I GRANT Defendants' motions and dismiss the complaint with prejudice insofar as it seeks to set aside the trustee's sale and declare that Ms. Baricevic holds legal title to the property.  However, I dismiss without prejudice as to any claim Ms. Baricevic may be able to assert for breach of the duty of good faith and fair dealing.  While no such claim is pled with sufficient detail to state a claim in the Amended Complaint [24], my ruling does not prevent Ms. Baricevic from filing such a claim, if one can be adequately pled.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).  While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*,

550 U.S. at 555). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A court need not accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These standards apply to suits removed from state court under 28 U.S.C. § 1441 just as they do to complaints originally filed in federal court. Fed. R. Civ. P. 81(c).

A court may take judicial notice of a fact outside the pleadings if the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Defendants have requested [11, 29] that the court take judicial notice of several documents, including the Deed of Trust, the Notice of Default and Election to Sell, the Trustee's Deed, the assignment of the Deed of Trust from Defendant MERS to Defendant Bank of America, and the Appointment of Successor Trustee. These documents are all public records, as each is found in the records of Multnomah County, where they were filed. Plaintiff does not dispute the authenticity of these documents. (Pl.'s Resp. [32] at 2–3.) Consequently, I GRANT Defendants' requests for judicial notice [11, 29].

## BACKGROUND

Ms. Baricevic alleges that she granted a Deed of Trust securing a loan of $945,000 on November 21, 2006. The Deed of Trust named Defendant MortgageIt, Inc., as lender, Defendant MERS as beneficiary "as nominee for the lender," and Lawyer's Title Insurance Corporation as Trustee. (Amend. Compl. [24] ¶ 1; Decl. of Laurick [12] Ex. A.) Defendants represent that Ms. Baricevic defaulted on the loan in August 2009; Ms. Baricevic does not contest her default. (Mem. [26] at 1–2.)

Defendant Bank of America was assigned the Deed of Trust by Defendant MERS on October 27, 2011. (Amend. Compl. [24] ¶ 8; Decl. of Laurick [12] Ex. B.) This assignment was recorded in Multnomah County. *Id.* Defendant Bank of America appointed Defendant Recontrust as successor trustee to institute foreclosure proceedings. (Amend. Compl. [24] ¶ 9; Decl. of Laurick. [12] Ex. C.) Defendant Recontrust did so, filing a Notice of Default and Election to Sell ("NODES") in Multnomah County on October 28, 2011. Ms. Baricevic does not dispute that she received service of the NODES, as required by the Oregon Trust Deed Act ("OTDA"). The NODES stated that a trustee's sale would be held on March 5, 2012. (Decl. of Laurick [12] Ex. D.)

Ms. Baricevic alleges various defects in the nonjudicial foreclosure proceeding, including, *inter alia*, that Defendant Mortgage Electronic Registration Services was improperly named as beneficiary on the deed of trust and that Defendant Recontrust improperly named Defendants Bank of America and BAC Home Loans in the notice of default and election to sell.[1] (Amend. Compl. ¶¶ 14–20.) She seeks a declaratory judgment that the trustee's sale was invalid and that she remains legal owner of the property. *Id.* ¶¶ 22–25.

## ANALYSIS

### I.    The Oregon Trust Deeds Act Bars Post Hoc Challenge to a Nonjudicial Foreclosure

Federal courts in this district have held that Or. Rev. Stat. § 86.770 bars a grantor from challenging a nonjudicial foreclosure proceeding after the trustee's sale has taken place and the trustee's deed of sale has been recorded. *C.f. Roisland v. Flagstar Bank*, No. 13-588, 2013 WL 6212200, at *6–7 (D. Or. Nov. 26, 2013); *Nelson v. Am. Home Mortg. Serv., Inc.* No. 13-306,

---

[1] The Oregon Supreme Court held in *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 682–89, 303 P.3d 301, 309–12 (2013), that under the OTDA the beneficiary of a deed of trust is the lender or its successor in interest; consequently, MERS cannot hold this interest "as nominee."

2013 WL 3834656, at *4 (D. Or. July 24, 2013); *Mikityuk v. Nw. Trustee Servs., Inc.*, ---

F.Supp.2d ---, No. 12-1518, 2013 WL 3388536 (D. Or. June 26, 2013).

The OTDA provides that if "a trustee sells property covered by a trust deed, the trustee's

sale forecloses and terminates the interest in the property that belongs to a person to which notice

of the sale was given." Or. Rev. Stat. § 86.770(1). In *Mikityuk*, the court analyzed this provision

in light of the joint purposes of the OTDA: (1) to "provide 'creditors with a quick and efficient

remedy against a defaulting grantor;'" and (2) to "'protect the grantor against the unauthorized

loss of its property and to give the grantor sufficient opportunity to cure any default.'" 2013 WL

3388536 at *6 (quoting *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 209 Or.

App. 528, 542, 149 P.3d 150, 157–58 (2006)). The court noted that a "statutory presumption of

finality" arises under the OTDA where the grantor received the statutorily required notice. *Id.* at

*6 (citing *Staffordshire*, 209 Or. App. at 543, 149 P.3d at 158). The statute requires 120 days'

notice before any trustee's sale; this is the time period afforded as protection against improper

foreclosure proceedings. *Id.* at *7. If a grantor fails to challenge the nonjudicial foreclosure

proceeding, their interest may be "foreclosed and terminated" by the trustee's sale and

recordation of the trustee's deed. *Id.* at *7 (quoting Or. Rev. Stat. § 86.770(1)).

I find the *Mikityuk* court's conclusion to be a sound interpretation of the OTDA. The

OTDA protects grantors such as Ms. Baricevic by requiring at least 120 days' notice—ample

time to seek judicial intervention in order to challenge any alleged improprieties in the

nonjudicial foreclosure proceedings. Ms. Baricevic does not dispute that she received service of

the NODES, as required under Or. Rev. Stat. § 86.740. This notice, which she received in

October of 2011, informed her that a trustee's sale would be held in March of 2012. (Decl. of

Laurick [12] Ex. D.) Ultimately, the sale was held in August of 2012—well within the 180 days

5 – OPINION AND ORDER

from the original date of sale allowed by Or. Rev. Stat. § 86.755(2)(a).  (Amend. Compl. [24]

¶ 10.)

Consequently, I find that Ms. Baricevic cannot state a claim to unwind the foreclosure

proceedings.  The time to challenge Defendant MERS's involvement or Defendant Bank of

America's interest as transferee of the deed of trust was during the statutory time period, prior to

the foreclosure sale. Ms. Baricevic's Amended Complaint is DISMISSED with prejudice as to

any claim to unwind or cancel the foreclosure sale.

## II.    The Remedy for Defective Notice is the Right of Redemption

Ms. Baricevic alleges that she did not receive actual notice that the postponed trustee's

sale would take place on August 12, 2012.  (Amend. Compl. [24] ¶ 31.)  I need not determine

whether a lack of actual notice of a postponement would have violated the OTDA,[2] however,

because the remedy for defects in notice under Or. Rev. Stat. § 86.740 is a right of redemption,

not rescission of the foreclosure sale.   A grantor is entitled to notice under § 86.737 and

§ 86.740(2)(a). A failure of the notice required by these provisions gives the person to whom

notice was due "the same rights possessed by the holder of a junior lien or interest who was

omitted as a party defendant in a judicial foreclosure proceeding."  Or. Rev. Stat. § 86.739(a).  A

junior lienholder would be required to exercise their right of redemption within 60 days after the

---

[2] Prior to April of 2012 the OTDA did not require a trustee to give notice of postponement other than by making a public announcement at the time and place of the scheduled trustee's sale.  *See* 2012 Or. Laws Ch. 112 § 9. This provision was amended in April 2012 to require the trustee to send a notification to the grantor.  Or. Rev. Stat. § 86.755(2)(b).  The first postponement of the trustee's sale necessarily took place on or before March 5, 2012—the original date for the trustee's sale—and at this time no personal notice was required.  It is unclear from the Amended Complaint [24] whether there were any subsequent postponements and whether they occurred before or after the effective date of the amendment to § 86.775.

Because the legislature added the personal notice requirement found § 86.775(2)(b) without adding additional remedies or referring to those found in § 86.739 or § 86.742, it is unclear whether even the right of redemption would attach where a grantor did not receive personal notice of a postponement. Because I dismiss on other grounds unaffected by the meaning of the amendments to § 86.775(2), I decline to address this question of statutory interpretation here.

date of sale.  Or. Rev. Stat. §§ 18.964(2); 88.080.  It is clear that this time period has passed in this case, and Ms. Baricevic does not allege that she would have or could have redeemed the property.  Consequently, even if the statutory notice requirements found in § 86.737 and § 86.740 were not met, Ms. Baricevic could not state a claim for wrongful foreclosure.  *See Domingo v. Anderson*, 138 Or. App. 521, 525–26, 910 P.2d 402, 404–05 (1996) (holding that the lack of notice did not cause the plaintiffs' damages because they could not have redeemed the property), *rev. in part on other grounds,* 325 Or. 385, 938 P.2d 206 (1997).

### III.    Any Claim for Breach of Contract Fails to Satisfy Federal Pleading Standards

Some of Ms. Roisland's factual allegations suggest that she may be attempting to bring claims for breach of the duty of good faith and fair dealing implied in Oregon contracts.  For instance, she alleges that Defendant Recontrust "has committed unfair and deceptive acts and violated its duty of good faith by noticing and conducting this trustee sale while failing to perform statutory requisites for conducting such sales."  (Amend. Compl. [24] ¶ 20.)  She alleges that after she received the NODES she entered into modification negotiations with Defendant Bank of America, but that Bank of America "acted in bad faith in foreclosing on the mortgage at the same time as continually assuring plaintiff that the modification of the mortgage was under active consideration." (Amend. Compl. [24] ¶ 27–32.)

A duty of good faith and fair dealing is implied in every contract in Oregon.  *Klamath Off-Project Water Users. Inc. v. Pacificorp*, 237 Or. App. 434, 445, 240 P.3d 94, 101 (2010). Claims for breach of the duty of good faith and fair dealing "may be pursued independently of a claim for breach of the express terms of the contract" and do not depend on a showing that the express provisions of the contract have been breached.  *Id.* (quoting *McKenzie v. Pac. Health & Life Ins. Co.*, 118 Or. App. 377, 381, 847 P.2d 879, 881 (1993).  The operation of the duty in any

7 – OPINION AND ORDER

particular case focuses on the "agreed common purpose," or the reasonable expectations, of the parties. *Id.* (citing *Or. Univ. Sys. v. OPEU*, 185 Or. App. 506, 516, 60 P.3d 567, 572 (2002).

Ms. Baricevic's allegations are insufficient to state a claim for breach of the contractual duty of good faith and fair dealing, primarily because Ms. Baricevic requests only equitable relief. (Amend. Compl. [24] ¶ 32.) The Amended Complaint makes clear that the relief sought is the unwinding of the foreclosure proceeding and a declaration that Ms. Baricevic holds title to the property. Ms. Baricevic does not seek contract damages for any breach of the duty of good faith and fair dealing. Furthermore, the allegations fail to identify how the actions alleged diverged from the reasonable expectations of Ms. Baricevic and another party to a contract. Ms. Baricevic must do more in order to state a plausible claim on which relief can be granted.

## CONCLUSION

Defendants' motions to dismiss the amended complaint [25, 27] are GRANTED. As noted above, Defendants' requests for judicial notice [11, 29] are GRANTED. For the reasons stated above, Ms. Baricevic's Amended Complaint [24] is DISMISSED WITH PREJUDICE insofar as it seeks to unwind or nullify the nonjudicial foreclosure proceeding. The complaint is DISMISSED WITHOUT PREJUDICE as to any claim for breach of the contractual duty of good faith and fair dealing.

IT IS SO ORDERED.

DATED this __24th__ day of January, 2014.


/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge